IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Phillip H. Crocker, III<br>*also known as*<br>Phillip Henry Crocker, III,<br><br>     Plaintiff,<br><br>vs.<br><br>Bryan Sterling, David Martinez, and Curtis Early,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:24-cv-2849-TMC<br><br>**ORDER** |

  Plaintiff Phillip Crocker, III, proceeding *pro se* filed this action on May 6, 2024. (ECF No. 1). With his complaint was a motion to proceed *in forma pauperis*. (ECF No. 2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 10, 2024, the magistrate judge issued a report and recommendation ("Report"), recommending Plaintiff's motion to proceed *in forma pauperis* be denied. (ECF No. 7). He further recommended that Plaintiff be given fourteen (14) days from the date the undersigned United States District Judge rules on the Report to pay the full $405.00 filing fee. *Id*. at 6. If Plaintiff pays the filing fee within those fourteen (14) days, the magistrate judge recommended that the Clerk return the action to him for further review of the complaint. *Id*. However, if Plaintiff fails to pay the filing fee or fails to request an extension of time to pay the fee within that timeframe, the magistrate judge recommended the action be dismissed without prejudice and without issuance of process. *Id.*

  The magistrate judge advised Plaintiff of his right to file objections to the Report. (ECF No. 7 at 7). The Report was mailed to Plaintiff at the address he provided to the court, (ECF No.

1

8), and has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file objections to the Report, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 7), which is incorporated herein by reference. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**. Plaintiff shall have fourteen (14) days from the entry of this order to pay the filing fee noted in the Report. Plaintiff is warned that failure to pay the filing fee or to request an extension of time to pay the fee within fourteen (14) days will result in his case being dismissed. The Clerk of Court shall mail a copy of this order and the Report, (ECF No. 7), to Plaintiff at his last known address provided to the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 2, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.