UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PHILLIP HENRY CROCKER, III, ) | Civil Action No. 4:24-cv-2849-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| BRYAN STERLING, DAVID ) | |
| MARTINEZ, and CURTIS EARLY, ) | |
| ) | |
| Defendants. ) | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action alleging that Defendants violated his rights under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 et seq. and the Rehabilitation Act, 29 U.S.C. § 701 et. seq.  Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 43).  Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and his claims dismissed.  Plaintiff requested and was granted two extensions of time to respond to Defendants' motion but failed to file his response by the extended deadline.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This report and recommendation is entered for review by the district judge.

1

## II.     RULE 41(B)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions.  The undersigned entered a Roseboro Order (ECF No. 39) warning Plaintiff that a failure to respond to Defendants' motion could result in dismissal of his case.  Despite requesting two extensions of time to respond, Plaintiff failed to do so.  It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to respond to the motion for summary judgment.

Accordingly, the undersigned concludes that Plaintiff has abandoned his claims. For that reason, dismissal of this case is appropriate under Rule 41(b).[1]

### III.  CONCLUSION

For the reasons discussed above, it is recommended that the present case be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.   In the alternative, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 43) be granted and this case be dismissed in its entirety.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 3, 2025
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[1] Additionally, and in the alternative, summary judgment is proper on the merits.   Plaintiff alleges that while housed at the Ridgeland Correctional Institution (RCI), he applied and was admitted to the Bachelor of Arts program offered at that facility through Claflin University.   He alleges that he was subsequently transferred to another facility because of his mental health and was unable to participate in the Bachelor of Arts program at the new facility.   He alleges that Defendants Sterling, Martinez, and Early discriminated against him in violation of Title II of the ADA and the Rehabilitation Act by denying him access to the Bachelor of Arts program because of his mental disability.   Plaintiff's claims fail because both Title II of the ADA and the Rehabilitation Act apply solely to public entities; thus, Plaintiff's claims under those statutes cannot proceed against the individually named Defendants.   See 42 U.S.C. § 12131(1) (stating that "[t]he term 'public entity' means ... any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government"); Baird ex rel. Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999) (upholding the dismissal of ADA claims against individuals because Title II recognizes a cause of action only against public entities, not private individuals); Moneyhan v. Keller, 563 F. App'x 256, 258 (4th Cir. 2014) (explaining that the Rehabilitation Act does not authorize suit for monetary damages against defendants in their individual capacities).