IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Phillip H. Crocker, III *also known as* Phillip Henry Crocker, III, | ) ) ) ) | Civil Action No. 4:24-cv-2849-TMC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Bryan Sterling, David Martinez, and Curtis Early, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff Phillip Crocker, III, proceeding *pro se*, filed this action against Defendants Bryan Sterling, David Martinez, and Curtis Early, alleging they violated the Americans with Disabilities Act and the Rehabilitation Act by refusing to allow him to participate in an educational program due to his mental health status. (ECF No. 1). Defendants filed a motion for summary judgment, (ECF No. 43), and the magistrate judge[1] issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and consequences for failing to adequately respond to the motion, (ECF No. 44). Plaintiff filed two motions requesting an extension of time to respond to the summary judgment motion. (ECF Nos. 46, 55). The magistrate judge granted both motions, (ECF Nos. 51, 56), and extended Plaintiff's deadline to respond to the motion to May 30, 2025, (ECF No. 56). Plaintiff, however, failed to timely respond to the motion, even with the requested extensions.

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

1

Now before the court, is the magistrate judge's Report and Recommendation, recommending the district court dismiss this case with prejudice pursuant to Rule 41(b) for failure to prosecute, or, in the alternative, that the defendants' motion for summary judgment be granted and this case be dismissed in its entirety. (ECF No. 58). The magistrate judge advised Plaintiff of his right to file objections to the Report. (ECF No. 58-1). The Report was mailed to Plaintiff at the address he provided to the court, (ECF No. 59), and has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file objections to the Report, and the time in which to do so has expired.[2]

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object"

---

[2] After the Clerk's Office filed the Report, the court received a third motion from Plaintiff seeking an extension of time to file a response to the summary judgment motion. (ECF No. 60). That motion was denied as set forth in the order at ECF No. 61. The court, however, informed Plaintiff that if he had any objections to the Report, he may file them in accordance with the deadlines set forth in the Report. As discussed, Plaintiff did not file any objections to the Report. Nor did he file a motion seeking additional time to file objections.

preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

As discussed, the magistrate judge recommends the district court dismiss this case with prejudice pursuant to Rule 41(b) for failure to prosecute, or, in the alternative, that the defendants' motion for summary judgment be granted and this case be dismissed in its entirety. (ECF No. 58). Having reviewed the Report under the appropriate standard, the court agrees with the magistrate judge that this case should be dismissed pursuant to Rule 41(b) for failure to prosecute. Because this finding is dispositive of the case, the court declines to address the magistrate judge's alternative finding regarding the summary judgment motion. Accordingly, the court **ADOPTS IN PART** the magistrate judge's findings and recommendations in the Report (ECF No. 58), which

is incorporated herein by reference, and dismisses this case with prejudice. The motion for summary judgment, (ECF No. 43), is hereby **DISMISSED AS MOOT.**

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina<br>
June 23, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.